IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| OMAR A. RAHMAN | |
| --- | --- |
| **Plaintiff,** | |
| v. | CIVIL ACTION NO. 18-1898 |
| MELONI HANDBERRY & JULIE CARTER, | |
| **Defendants.** | |

# MEMORANDUM OPINION

**Rufe, J.**                                                                                                                           **July 7, 2021**

Plaintiff Omar Rahman has filed a *pro se* complaint alleging that Defendants Meloni Handberry and Julie Carter violated his Fourteenth Amendment Due Process rights by failing to follow a Philadelphia court's order in a parental rights matter.[1] Defendants have moved to dismiss. For the following reasons Defendants' motion will be granted.

## I. BACKGROUND[2]

Plaintiff's parental rights were terminated while he was incarcerated. During a December 2, 2014 "adjudicatory and dispositional hearing" before the Court of Common Pleas of Philadelphia, Family Court Division, his daughter, T.N.R., was committed to the care and custody of the Philadelphia Department of Human Services ("DHS").[3] Plaintiff alleges that at the hearing, the court ordered the Community Umbrella Agency ("CUA")[4] to create a "single case

---

[1] Plaintiff is now represented by counsel but has chosen to proceed with his *pro se* Amended Complaint. *See* Attachment to Order Dated Oct. 8, 2020 [Doc. No. 45] at 2.

[2] The facts in this section are taken from the Amended Complaint and assumed true for purposes of this Motion to Dismiss.

[3] Amend. Compl. [Doc. No. 15] ¶ 7.

[4] CUA is a contractor for DHS that provides social services.

plan" and submit a "parent locator" for Plaintiff.[5] Plaintiff alleges that Defendant Julie Carter, the CUA social worker assigned to T.N.R.'s case, did neither, and that her supervisor, Defendant Meloni Handberry, neglected to ensure that Carter complied with the court order.[6]

Plaintiff further alleges that at a May 11, 2016 termination hearing, the court ordered DHS and CUA to "make outreach to Plaintiff, set objectives for Plaintiff, and to hold a single case plan meeting for Plaintiff within twenty days."[7] Plaintiff alleges that Defendant Carter did not make outreach, set objectives, or hold a case plan meeting.[8] Plaintiff alleges that Defendant Handberry was aware of the May 11, 2016 Family Court order but did not ensure that Carter complied with it.[9]

Plaintiff initially brought this action against the City of Philadelphia, the CUA, and Defendants Carter and Handberry, claiming a violation of his due process rights under § 1983 and § 1985(3).[10] The Court granted the City's motion to dismiss all claims against it,[11] and Plaintiff then filed an Amended Complaint naming Defendants Carter, Handberry, and Udo-Inyang.[12]

---

[5] Amend. Compl. [Doc. No. 15] ¶ 7.

[6] *Id.* ¶¶ 8-9.

[7] *Id.* ¶ 11.

[8] *Id.* ¶ 12.

[9] *Id.* ¶ 13.

[10] *Id.* at ¶¶ 16–31. Plaintiff also named DHS as a defendant, it was dismissed because it is not a suable entity separate from the City of Philadelphia. *See* Order dated May 16, 2018 [Doc. No. 5].

[11] Order dated Apr. 18, 2019 [Doc. No. 13].

[12] Amend. Compl. [Doc. No. 15]. The Amended Complaint also named the City in the caption, but the text of the Amended Complaint did not raise any claims against the City, so the Court determined that the City would remain terminated as a defendant and the case would proceed only as to the three individual defendants. Order dated June 18, 2019 [Doc. No. 16].

Plaintiff was able to serve Defendant Udo-Inyang but could not serve Defendants Carter and Handberry with the Amended Complaint. Because the case had been "plagued with service-of-process problems for well over a year," the Court referred the case to the Prisoner Civil Rights Panel for possible appointment of counsel. While the case was before the Panel, Defendant Udo-Inyang moved to dismiss.

While Defendant Udo-Inyang's motion to dismiss was pending, counsel was appointed for Plaintiff. Counsel requested leave to amend the complaint, which was granted by the Court.[13] However, after discussing the matter with Plaintiff, counsel informed the Court that Plaintiff would not file another amended complaint or file a response to the Udo-Inyang's pending motion.[14] The Court considered the motion on the merits and dismissed the claims against Defendant Udo-Inyang.[15] The Court allowed Plaintiff leave to file a second amended complaint and informed Plaintiff that if he "wishes to proceed against Defendants Carter and Handberry, who have still not been properly served, he must make proper service on both Defendants and file affidavits of service no later than 30 days after the filing of the Second Amended Complaint."[16]

On October 8, 2020, counsel for Plaintiff informed the Court that after discussion with Plaintiff, "he has decided not to file a Second Amended Complaint, but would like to proceed with service of the *First* Amended Complaint on Defendants Carter and Handberry."[17] Plaintiff

---

[13] *See* Letter dated March 11, 2020 [Doc. No. 36]; Order dated March 11, 2020 [Doc. No. 37].

[14] *See* Letter dated May 28, 2020 [Doc. No. 40] at 2.

[15] *See* Order dated Aug. 26, 2020 [Doc. No. 42].

[16] *Id.*

[17] *See* Order dated October 10, 2020 [Doc. No. 45] at 2.

filed affidavits of service on November 11, 2020.[18] Defendants Carter and Handberry have now moved to dismiss Plaintiff's complaint under Federal Rule of Procedure 12(b)(6).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] The question is not whether the plaintiff ultimately will prevail but whether the complaint is "sufficient to cross the federal court's threshold."[20] In evaluating a challenged complaint, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[21] However, the Court "need not accept as true 'unsupported conclusions and unwarranted inferences'"[22] or "legal conclusions."[23]

## III. DISCUSSION

Plaintiff has brought claims against Defendants Carter and Handberry under 42 U.S.C. § 1983 asserting a violation of his Due Process rights under the Fourteenth Amendment.[24] "To

---

[18] *See* Affs. of Serv. [Doc. Nos. 48, 49]. Defendant Carter was served on November 4, 2020, and Defendant Handberry was served on November 9, 2020.

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

[20] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citations omitted).

[21] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (quotation marks omitted).

[22] *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

[23] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)) (internal quotations omitted).

[24] Plaintiff has also brought a claim against Defendant Carter under 42 U.S.C. § 1985. But as previously explained by the Court, Plaintiff has failed "to plead sufficient facts to support his § 1983 claim to show a violation of procedural due process" and "Plaintiff has not pled any facts indicating that the Defendants' actions were discriminatory as opposed to procedurally improper." Mem. Op. [Doc. No. 41] at 6–7.

state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[25]

It is not clear, based on Plaintiff's Complaint, whether Defendants' alleged actions were committed "under color of state law."[26] But the Court need not make that determination because Plaintiff has failed to sufficiently plead a violation of a constitutional right.

Plaintiff alleges that his substantive due process rights were violated.[27] To state a substantive due process claim under § 1983, a plaintiff must first identify a constitutionally protected interest and then show a deprivation of that right.[28] Here, the protected interest is the "fundamental liberty interest of natural parents in the care, custody, and management of their child," which has been recognized by the Supreme Court.[29]

To show that this right has been violated, Plaintiff must do more than allege negligence; Plaintiff must show a degree of culpability that "shocks the conscience."[30] "The Third Circuit has identified three standards that can support a finding that government action shocks the

---

[25] *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

[26] The analysis of whether an action was done "under color of state law" is highly fact specific and dependent on the specific allegations and claims. The Third Circuit has noted that "[t]he color of state law analysis can be difficult." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

[27] Plaintiff also argues that he has alleged a procedural due process violation. *See* Plt.'s Resp. Opp. [Doc. No. 55] at 7. But there is no indication that Plaintiff availed himself of his right to appeal the state court's decision terminating his parental rights. Failure to take advantage of the appeals process is a bar to a procedural due process claim. *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Plaintiff's procedural due process claims will be dismissed, but Plaintiff may reassert them if Plaintiff can allege that he took advantage of the procedural protections offered by the state.

[28] *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).

[29] *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *see also Croft v. Westmoreland Cnty. Child. & Youth Servs.*, 103 F.3d 1123, 1125 (3d. Cir. 1997).

[30] *Miller v. City of Phila.*, 174 F.3d 368, 375–76 (3d Cir. 1999).

conscience: (1) deliberate indifference; (2) gross negligence or arbitrariness; or (3) intent to cause harm."[31]

Plaintiff's Amended Complaint is sparse. It alleges that Defendant Carter failed to follow the court's orders instructing her to create a single case plan, submit a parent locator, reach out to Plaintiff, set objectives for Plaintiff, and hold a single case plan meeting.[32] The only allegation pertaining to Defendant Carter's culpability is a conclusory assertion that Defendant Carter's failure was "willful."[33] Plaintiff alleges that Defendant Handberry, as Defendant Carter's supervisor, failed to ensure that Carter complied with the court's orders, and "approv[ed] and acquiesce[ed] to Carter's indifference." [34] Plaintiff asserts that Defendant Handberry "was negligent in her duties by failing to properly screen, train, supervise, investigate, and discipline Carter for not complying" with the court's orders.[35]

Plaintiff's allegations—as asserted in the Amended Complaint—are insufficient to show the culpability required to plead a constitutional violation. Plaintiff has alleged negligence, but Plaintiff's Amended Complaint lacks facts alleging deliberate indifference, gross negligence or arbitrariness, or intent to cause harm. Plaintiff has only alleged that Defendants failed to follow the court's orders. Social workers, like Defendants, "are placed in a position of trust in seeing to and ensuring the safety and best interests of children. The failure to properly carry out their

---

[31] *Customers Bank v. Mun. of Norristown*, 942 F. Supp. 2d 534, 541 (E.D. Pa. 2013), aff'd, 563 F. App'x 201 (3d Cir. 2014) (citations omitted).

[32] Amend. Compl. [Doc. No. 15] ¶¶ 8, 12.

[33] *Id.* ¶ 20.

[34] *Id.* ¶ 22.

[35] *Id.* ¶ 23.

6

responsibilities may constitute negligence. It does not constitute a violation of the Constitution."[36]

Plaintiff will be granted leave to amend to allege facts showing that Defendant's actions exceeded negligence and plead the culpability required to assert a constitutional violation.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss will be granted and Plaintiff's Amended Complaint will be dismissed. Plaintiff will be granted leave to amend.[37] An order will be entered.

---

[36] *Weston v. City of Phila.*, 82 F. Supp. 3d 637, 648 (E.D. Pa. 2015).

[37] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").